

2002 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-25-2002

# Johnson v. Housing Auth Pgh

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-1490

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2002

Recommended Citation

"Johnson v. Housing Auth Pgh" (2002). *2002 Decisions.* Paper 765.
http://digitalcommons.law.villanova.edu/thirdcircuit_2002/765

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2002 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 02-1490

_____

TONYA JOHNSON,
                              Appellant

v.

HOUSING AUTHORITY OF THE CITY OF PITTSBURGH

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
D.C. Civil No. 01-cv-01216
District Judge:  The Honorable Donetta W. Ambrose

_____

Submitted Under Third Circuit LAR 34.1(a)
November 19, 2002

_____

Before: BARRY, AMBRO, <u>Circuit Judges</u>, and ACKERMAN,[*] <u>District Judge</u>

(Opinion Filed:   November 25, 2002)

_____

OPINION

_____

BARRY, <u>Circuit Judge</u>

_____

[*] The Honorable Harold A. Ackerman, United States District Judge for the District of
New Jersey, sitting by designation.

Appellant Tonya Johnson filed a petition pursuant to Chapter 7 of the United States Bankruptcy Code on January 12, 2001. Twelve days later, on January 24, Johnson applied to appellee Housing Authority of the City of Pittsburgh ("HACP" or "the Housing Authority") for public housing. On February 16, HACP rejected her application because she owed HACP rent from her public housing tenancy six years earlier. In response, Johnson filed a motion for contempt against HACP in the United States Bankruptcy Court for the Western District of Pennsylvania, claiming that HACP's denial of her public housing application because she owed back rent violated the Bankruptcy Code. She sought, as well, an order requiring the immediate approval of her housing application, damages, and attorneys' fees.

In an Order dated May 16, 2001, the Bankruptcy Court held that HACP's denial of Johnson's application on the basis of her debt for past rent violated 11 U.S.C. § 525(a), which prohibits, *inter alia*, government discrimination against a debtor on the basis of unpaid dischargeable debts, and also violated the automatic stay granted by 11 U.S.C. § 362(a). The Bankruptcy Court ordered that HACP immediately accept Johnson's application for public housing retroactive to the date of Johnson's original application, but expressly declined to hold HACP in contempt. The Bankruptcy Court then went on to state:

> The preceding holding notwithstanding, the Court also recognizes, and shares as well, the concern of the Housing Authority that the potential exists for a debtor to file for bankruptcy not with the intent of obtaining a discharge of debts but simply so as to obtain public housing assistance. To counter the preceding concern, which were it to be realized would constitute an abuse of bankruptcy process, the Court rules that the Housing Authority can, without fear of violating either the automatic stay or § 525(a), delay acceptance of a

2

> bankrupt debtor's public housing application until the conclusion of that debtor's § 341 creditor's meeting . . . .

Because Johnson's creditors' meeting had already been held at the time the May 16 Order was issued, however, the above-quoted statement had no effect on her case.

It is that statement, however, which was the sole basis of her appeal to the District Court and the appeal to this Court. Thus, although HACP granted Johnson's public housing application on June 20 in accordance with the Bankruptcy Court's Order, Johnson appealed to the District Court on the narrow question of whether the Bankruptcy Court had erred in stating that the Housing Authority may delay acceptance of "a bankrupt debtor's" public housing application until completion of the section 341 creditor's meeting. In an Order and Opinion dated December 5, 2001, the District Court found that the only part of the May 16 Order that was appealed by Johnson – the statement – was moot. Surprisingly, the District Court affirmed the Order of the Bankruptcy Court rather than dismissing the appeal as moot, and Johnson filed a timely notice of appeal. We will dismiss the appeal.

We agree with the District Court that Johnson's appeal to it was moot because she had obtained the public housing she sought and the resolution of the issue she raised on appeal could have had no effect on her case or her legal rights. See County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001) ("[T]he requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review."). For the same reasons, her appeal to this Court is moot. The only issue on appeal, both to the District Court and to us, was the Bankruptcy Court's statement, which

was nothing more than an advisory opinion, concerning the propriety of delaying future debtors' housing applications, mere dicta which had no relevance to or effect upon the already resolved dispute between Johnson and HACP. See McDonald v. Master Fin., Inc. (In re McDonald), 205 F.3d 606, 608 (3d Cir. 2000) (no appellate jurisdiction exists to review unauthorized advisory opinion issued by Bankruptcy Court); see also McCord v. Agard (In re Bean), 252 F.3d 113, 118 (2d Cir. 2001). Stated somewhat differently, the "onerous restriction" Johnson seems to believe the Bankruptcy Court "put in place" for the future has no force and effect because it was not essential to the resolution of the issues before it and was not even before that Court for adjudication.

We will dismiss the appeal.


TO THE CLERK OF THE COURT:

Kindly file the foregoing Opinion.

/s/    Maryanne Trump Barry
Circuit Judge

4